UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SMITH,<br><br>              Plaintiff,<br><br>        v.<br><br>CALPIA, *et al.*,<br><br>              Defendants. | Case No.  2:24-cv-00117-KJM-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 2 & 7 |

    Plaintiff, a prisoner at California State Prison, Solano, brings this action against defendants and alleges that they violated his Eighth Amendment rights by failing to conduct inspections of a hot water hose that broke and caused him second degree burns.  ECF No. 1 at 3.  These allegations, for the reasons stated below, do not state a cognizable federal claim.  Plaintiff will be given leave to amend.  I will also grant his application to proceed *in forma pauperis*, ECF No. 2, and deny his motion for appointment of counsel, ECF No. 7.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that he sustained second degree burns after a hot water hose broke and spilled onto his skin. ECF No. 1 at 3. He has named three defendants, alleging that Jeffrey Macomber, Andy Howell, and the California Prison Industry Authority ("CALPIA") were negligent in failing to inspect the hose and in failing to report his injury as serious to the California Division of Occupational Safety and Health. *Id.* These allegations do not give rise to a cognizable federal claim because negligence cannot support an Eighth Amendment claim. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The alleged failure to comply with state law also fails to give rise to any federal claim. *See Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 371 (9th Cir. 1998) ("[S]tate law violations do not, on their own, give rise to liability under § 1983."); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal Constitution and laws.").

As such, the complaint cannot proceed. Plaintiff may file an amended complaint that explains what, if any, federal basis exists for his claims. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

### Motion to Appoint Counsel

I will deny plaintiff's motion to appoint counsel. ECF No. 7. He does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I can only request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  In light of my screening order, I find that plaintiff has not demonstrated a likelihood of success on the merits, and I will deny his motion for counsel without prejudice.

    Accordingly, it is ORDERED that:

    1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I will recommend that this action be dismissed for failure to state a claim.

    2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

    3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

    4. Plaintiff's motion for appointment of counsel, ECF No. 7, is DENIED.

IT IS SO ORDERED.

Dated:  May 6, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4