UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALPIA, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-00117-KJM-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 13<br><br>FOURTEEN DAY DEADLINE |

　　　Plaintiff, a state prisoner, brings this action alleging that defendants violated his rights by negligently maintaining a hot water dispenser, causing him to suffer burns to his left forearm. ECF No. 13 at 3. For the reasons stated below, plaintiff's claim is not cognizable, and should be dismissed without leave to amend.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that on April 17, 2023, he received second degree burns to his forearm after a hot water dispenser that was negligently maintained sprayed him with water. ECF No. 13 at 3. He explicitly identifies his claim as sounding in negligence. *Id.* Negligence, however, is not a viable cause of action under section 1983. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) ("It is well settled that section 1983 provides a cause of action for violations of federal statutes as well as the Constitution.") (internal quotation marks omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.") (internal quotation marks omitted); *Stevenson v. Koskey*, 877 F.2d 1435, 1440-41 (9th Cir. 1989) ("In the context of constitutional torts, it is the deliberate, intentional abuse of governmental power for the purpose of depriving a

person of life, liberty or property that the fourteenth amendment was designed to prevent."); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) ("Mere negligence and self-aggrandizing motives are not actionable under section 1983.").

Accordingly, I recommend that this action be dismissed without leave to amend, because this action could only proceed if plaintiff changed the fundamental nature of his claims.

Accordingly, it is RECOMMENDED that plaintiff's amended complaint, ECF No. 13, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 1, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE