UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SMITH, | Case No. 2:24-cv-0117-KJM-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALPIA, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action alleging that defendants violated his rights by failing to properly inspect and maintain a hot water dispenser, causing him to suffer burns to his left forearm. ECF No. 23 at 3. Plaintiff's claim is not cognizable, and I find that it should be dismissed without leave to amend.

**Screening Order**

**I.   Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2 immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20     **II.**    **Analysis**

21      As in his prior complaints, plaintiff alleges that, on April 17, 2023, he received second-
22 degree burns to his forearm from a hot water fountain that was negligently maintained. ECF No.
23 23 at 3. I previously found that this claim could not proceed because negligence is not a viable
24 cause of action under section 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Eighth
25 Amendment liability requires more than ordinary lack of due care for the prisoner's interests or
26 safety.") (internal quotation marks omitted); *Stevenson v. Koskey*, 877 F.2d 1435, 1440-41 (9th
27 Cir. 1989) ("In the context of constitutional torts, it is the deliberate, intentional abuse of
28 governmental power for the purpose of depriving a person of life, liberty or property that the

fourteenth amendment was designed to prevent."); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) ("Mere negligence and self-aggrandizing motives are not actionable under section 1983."). The substance of plaintiff's allegations remains unchanged, but, now recognizing this deficiency, he invokes the Eighth Amendment and attempts to cast his burns as a form of cruel and unusual punishment. ECF No. 23 at 3. This does not save his claim, because accidents and inadvertent failures of the sort alleged here do not give rise to constitutional claims. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986). And plaintiff's own allegations indicate that this was an accident caused by negligence; he specifically alleges that defendants' negligent failure to inspect the machine precluded their understanding that it was missing hose clamps. ECF No. 23 at 3. Thus, plaintiff's claims sound in negligence and should be brought, if at all, in state court.

Accordingly, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 23, be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE