1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK SMITH,                          Case No.  2:24-cv-0117-KJM-JDP (P)

12                 Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   CALPIA, *et al.*,

15                 Defendants.

16

17

18        Plaintiffs, a state prisoner, bring this action alleging that defendants violated his rights by

19   failing to properly inspect, maintain, and post warnings about a hot water dispenser, causing him

20   to suffer burns to his left forearm.  ECF No. 27 at 6.  I previously recommended that his claims be

21   dismissed, reasoning that they failed to state any viable federal claim and sounded only in

22   negligence.  ECF No. 24.  I vacated those recommendations after plaintiff filed a motion for

23   extension of time and argued that he should be afforded a final opportunity to amend.  ECF Nos.

24   25 & 26.  He has now filed a third amended complaint, ECF No. 27, which remains flawed in the

25   same way.  Plaintiff's claim is simply not cognizable and, once again, I find that it should be

26   dismissed without leave to amend.

27

28

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Once again, plaintiff alleges that, on April 17, 2023, he received second-degree burns to his forearm from a hot water fountain that was negligently maintained. ECF No. 27 at 5-6. I previously found that this claim could not proceed because negligence, even gross negligence,

2

1    was not a viable cause of action under section 1983.  *See Buckley v. City of Redding*, 66 F.3d 188,

2    190 (9th Cir. 1995) ("It is well settled that section 1983 provides a cause of action for violations

3    of federal statutes as well as the Constitution.") (internal quotation marks omitted); *see also*

4    *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Eighth Amendment liability requires more than

5    ordinary lack of due care for the prisoner's interests or safety.") (internal quotation marks

6    omitted); *Stevenson v. Koskey*, 877 F.2d 1435, 1440-1441 (9th Cir. 1989) ("In the context of

7    constitutional torts, it is the deliberate, intentional abuse of governmental power for the purpose

8    of depriving a person of life, liberty or property that the fourteenth amendment was designed to

9    prevent."); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) ("Mere

10   negligence and self-aggrandizing motives are not actionable under section 1983.").  Nothing in

11   the new complaint indicates that any defendant acted with something more than negligence.  At

12   most, plaintiff alleges that defendants knew about a lack of maintenance on the dispenser and that

13   the unit's hot water line not insulated.  ECF No. 27 at 9.  He offers no specific allegations

14   indicating how each defendant came by this knowledge.  Indeed, plaintiff makes no allegation

15   that defendant Cavagnolo, warden of California State Prison-Solano had any personal

16   involvement in maintaining the hot water dispenser.  And there is no *respondeat superior* liability

17   based solely on his position.  *See Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989).  Furthermore, the

18   California Prison Industry Authority is not a proper defendant in a section 1983 suit.  *Paige v.*

19   *CAL PIA*, No. 2:12-cv-3023 DAD P, 2013 U.S. Dist. LEXIS 2298, *2 (E.D. Cal. Jan. 7, 2013)

20   ("Plaintiff is also advised that the California Prison Industry Authority is not a proper defendant

21   for a civil rights action.").

22       Plaintiff devotes much of his complaint to arguing that claims for emotional distress

23   should be allowed in a section 1983 action, but these arguments miss the mark.  Intentional

24   infliction of emotional distress does not itself give right to a claim under section 1983.

25   *See Ghesal Kabir v. Mocek*, No. 2:22-cv-1855-DJC-SCR, 2025 U.S. Dist. LEXIS 122903, *8,

26   (E.D. Cal. Jun. 26, 2025) ("Intentional infliction of emotional distress and wrongful death are not

27   themselves constitutional or statutory rights that give rise to a claim under section 1983.").

28       Finally, plaintiff's claim that the lack of warning signage on the dispenser violated his due

3

1  process rights is also unavailing.  Negligence does not give rise to an actionable due process

2  violation.  *See Daniels v. Williams*, 474 U.S. 327, 330-331 (1986).

3          Plaintiff has been afforded multiple attempts to remedy these deficiencies by amendment

4  and failed to do so.  Accordingly, I RECOMMEND that the third amended complaint, ECF No.

5  27, be DISMISSED without leave to amend and for failure to state a cognizable claim.

6          These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

8  service of these findings and recommendations, any party may file written objections with the

9  court and serve a copy on all parties.  Any such document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

11  within fourteen days of service of the objections.  The parties are advised that failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.  *See*

13  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

14  1991).

15

16  IT IS SO ORDERED.

17

18  Dated:    July 30, 2025                                    _____

19                                                         JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

4